UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DARREN D. McCARTY,

    Debtor.
_____/

GEORGE P. DAKMAK, TRUSTEE,

    Plaintiff,

v.

JOHN J. MATOUK, JOHNDARR, L.L.C.,
and BRAD KLINTWORTH,

    Defendants.
_____/

Case No. 06-12561
Hon. Gerald E. Rosen

Bankr. Case No. 05-59515
Chapter 7
Hon. Thomas J. Tucker

Adv. Proceeding No. 06-04388

**ORDER DENYING DEFENDANTS'**
**MOTION TO WITHDRAW THE REFERENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    October 10, 2006

PRESENT: Honorable Gerald E. Rosen
United States District Judge

Through the present motion filed on June 9, 2006, Defendants John J. Matouk and JohnDarr, L.L.C. request that this Court withdraw the reference of the above-captioned adversary proceeding to the Bankruptcy Court. In support of this requested relief, Defendants rely principally upon their demand for a jury trial, stating that they are

unwilling to consent to the Bankruptcy Judge conducting any eventual jury trial in this case.  For the reasons stated briefly below, the Court denies this motion as premature, without prejudice to Defendants' right to seek similar relief if warranted at a later point in this proceeding.

Congress has authorized the federal district courts to refer "any or all" bankruptcy-related proceedings to the bankruptcy judges for their districts.  28 U.S.C. § 157(a).  In this District, such matters are automatically referred pursuant to Local Rule 83.50(a)(1). Congress has further provided, however, that this Court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court] . . . , on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).[1]  Accordingly, the disposition of the present motion turns upon whether Defendants have shown "cause" for withdrawing the reference of the above-captioned adversary proceeding.

In conducting this inquiry, "the courts have acknowledged . . . [a] congressional intent to have bankruptcy proceedings adjudicated in the bankruptcy court unless rebutted by a contravening policy."  Hunderup v. Fesmire (In re Southern Industrial Mechanical Corp.), 266 B.R. 827, 831 (W.D. Tenn. 2001).  Local Rule 83.50(a)(1) of this District reflects a similar preference, expressing the District Court's intention "to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction."  Defendants, as the moving parties, "bear[] the burden of

---

[1]Although § 157(d) also provides for mandatory withdrawal in some circumstances, Defendants have not argued that this mandatory provision applies here.

showing the existence of . . . unusual circumstances" or a "substantial reason" that warrants withdrawal of the reference. Hunderup, 266 B.R. at 834.

As noted, Defendants' effort to meet this burden rests principally upon their demand for a jury trial. This plainly can supply "cause" for withdrawing a reference, because a Bankruptcy Court cannot conduct a jury trial, at least under the law of this Circuit (and most others). See Rafoth v. National Union Fire Ins. Co. (In re Baker & Getty Financial Servs., Inc.), 954 F.2d 1169, 1172-73 (6th Cir. 1992). This limitation may be waived with "the express consent of all the parties," 28 U.S.C. § 157(e), but Defendants state in the present motion that they have not given such consent.

Nonetheless, while Defendants' jury demand might well provide a basis for the eventual withdrawal of this proceeding from the purview of the Bankruptcy Court, this Court declines to do so at this juncture. The present motion was brought near the outset of this adversary proceeding, concurrently with Defendants' filing of their answer to the first amended adversary complaint. Thus, it remains possible that this case will not "reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1102 (2d Cir. 1993). Given these and other contingencies, one court has reasoned:

> Even assuming, without deciding, that [the defendant] has a right to a jury trial, the appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready. A rule that would require a district court to withdraw a reference simply

3

> because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts.  Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court.  Given [the bankruptcy judge's] familiarity with the bankruptcy case involving [the debtor], she is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding.

Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 61 (S.D.N.Y. 1992) (internal quotations and citations omitted); see also Auto Specialties Mfg. Co. v. Sachs (In re Auto Specialties Mfg. Co.), 134 B.R. 227, 229 (W.D. Mich. 1990) (denying a motion to withdraw the reference as "premature," despite the movant's jury demand, where the case was not yet ready for trial).  Here, likewise, judicial economy is better served by permitting the Bankruptcy Judge to manage the pre-trial phase of the litigation, with this Court revisiting the matter of withdrawal if and when the case is ready for trial.[2]

   For these reasons,

---

[2] In determining that the present motion is premature, the Court recognizes that the local bankruptcy rules of this District require such a motion to be filed "concurrently with the filing of the jury demand," and that a party who fails to do so is "deemed to have consented to the bankruptcy judge conducting the jury trial."  Local Rule 9015-1, U.S. Bankruptcy Court for the Eastern District of Michigan.  Through the present filing, Defendants evidently have complied with this local rule, thereby preserving their opportunity to renew their request for withdrawal at the appropriate time.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Withdraw the Reference is DENIED, without prejudice to Defendants' opportunity to seek similar relief at a later stage of this proceeding.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: October 10, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 10, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager